UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES MYLES,
    Plaintiff,

vs.                                                                   10-1250

SYLVIA MAHONE, et. al.
    Defendants.

MERIT REVIEW AND CASE MANAGEMENT ORDER

    This cause is before the court for case management. The pro se Plaintiff originally filed his complaint pursuant to 42 U.S.C.§1983 against nine defendants claiming that his constitutional rights were violated at the Pontiac Correctional Center. On September 23, 2010, the court conducted a merit review of the Plaintiff's complaint pursuant to 28 U.S.C. §1915A and found that the Plaintiff had adequately alleged that Defendants Sylvia Mahone, Dr. Dennis Larson, Dr. Taller, Scott Baker, Wexford Health Services, Officer Simpson, Warden Guy Pierce, Assistant Jackie Miller and Illinois Department of Corrections Director Michael Randle violated the Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. September 23, 2010 Text Order. The Plaintiff claimed the Defendants knew he suffered from Hepatitis C, but did not provide him treatment or even tell him about the diagnosis.

    The Plaintiff has filed a motion to amend his complaint with an amended complaint attached. [d/e 22] The Plaintiff says he now has the full names and addresses of the previously named Defendants and wishes to add one additional Defendant: Illinois Department of Corrections Medical Director Louis Schicker. Rule 15(a) of the Federal Rules of Civil Procedure clearly provides that a plaintiff may amend his pleadings once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). The motion is therefore granted. [d/e 22] The clerk of the court will be directed to file the attached amended complaint. [d/e 22]

    The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff has divided his amended complaint into two claims. The first claim alleges that Defendants Mahone, Larson, Baker, Taller, Wexford and Schicker violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The

Plaintiff repeats his earlier claims and states that his condition has worsened due to the lack of treatment. The Plaintiff says the Defendants conduct has violated his Eighth and Fourteenth Amendment rights. As previously noted, the Plaintiff has stated an Eighth Amendment claim, but he has failed to articulate a violation of his Fourteenth Amendment rights based on the allegations in his complaint.

The second claim alleges that Defendants Simpson, Pierce, Miller, Randle and Shicker were deliberately indifferent to his serious medical needs when they ignored his grievances. The Plaintiff says these Defendants failed to order medical care for the Plaintiff and failed to properly investigate his claims. The Plaintiff has attached various documents to his amended complaint including the responses to his grievance. The Plaintiff filed a grievance on September 7, 2009 claiming that he had been denied care for Hepatitis C. Grievance Officer Simpson responded that she had consulted with the Medical Director and found that there was an unintentional delay in communicating with the Plaintiff. (Amd. Comp, p. 25) In addition, she encouraged the Plaintiff to contact the medical department regarding any concerns over his condition. The grievance was found to be moot "based on the response of facility Medical Director to the issue." (Amd. Comp, p. 25) The Warden or his representative concurred with that finding. (Amd. Comp, p. 25). In addition, Administrative Review Board Member Jackie Miller informed the Plaintiff that his grievance was denied "[p]er IDOC Medical Director Schicker, medical staff are attempting to resolve other medical issues which are currently prohibiting the issuance of treatment." (Amd. Comp., p. 26).

The Plaintiff filed a second grievance on December 3, 2009, which was also denied based on the medical Directors response. (Amd. Comp., p. 49) The Grievance Officer stated that the Plaintiff had been seen in the Health Care Unit and would be evaluated for Hepatitis C treatment. The Plaintiff says the Defendants actions have violated his Eighth and Fourteenth Amendment rights.

The Plaintiff has again failed to state a claim pursuant to the Fourteenth Amendment based on the lack of reaction to his grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir.1982). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate such grievances. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005) (inmate's claim that prison officials failed to investigate his grievances that mail room and security staff was stealing his property was indisputably meritless because inmate did not have a due process right to an investigation).*Wilkins v. Illinois Dept. of Corrections*, 2009 WL 1904414 at 9 (S.D.Ill. July 1, 2009)("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was "inadequate" or "improper" does not state a constitutional claim.")

However, for the purposes of notice pleading, the court finds the Plaintiff has expanded

his Eighth Amendment Claim to include Defendants Simpson, Pierce, Miller and Randle. It will likely be more difficult for the Plaintiff to demonstrate that these non medical Defendants were responsible for his claims. A prison official does not disregard an inmate's complaint if he knows that the medical staff was monitoring and addressing the problem. *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir.2006) "We do not think [a prison official's] failure to take further action once he had referred the matter to the medical providers can be viewed as deliberate indifference." *Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir.2005). Nonetheless, non medical officials can "be chargeable with the Eighth Amendment scienter requirement of deliberate indifference" where they have "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir.2004); *see also Greeno*, 414 F.3d at 655-56; *Johnson*, 433 F.3d at 1012. The Plaintiff claims these Defendants knew the medical staff was denying him care for a serious medical condition and knew that his condition was deteriorating.

The court will instruct the Clerk of the Court to add Defendant Schicker to this case and add the full names of the Defendants, as provided by the Plaintiff, to the record. The court notes that not all Defendants are in the case. Defendants Simpson and Pierce have returned their Waiver of Service Forms and have filed an answer to the complaint. [d/e 18] Defendants Randle, Wexford, and Larson have also returned their Waiver of Service forms. [d/e 13, 19, 20] Randle must file an answer to the complaint on or before January 28, 2011 and Wexford and Larson must file answers on or before February 15, 2011. It is unclear to the court why the waiver of service forms for Defendants Mahone and Miller have not been returned as both appear to be currently employed at Illinois Department of Corrections facilities[1].[d/e 12] Defense counsel should be prepared to update the court on the status of these individuals if the waivers have not been returned by the February 24, 2011 hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure.

Defendants Baker and Taller have also not been served and no longer work for Wexford Health Services. However, their former employer has provided new address information. The Clerk of the Court has recently sent new Notice of Lawsuit and Waiver of Service forms to these addresses.[d/e 21] The court will also check on the status of these two individuals at the February 24, 2011 hearing.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion to amend his complaint is granted [d/e 22] and the clerk of the court is directed to file the attached amended complaint.**

**2) Pursuant to its merit review of the amended complaint under 28 U.S.C. Section**

---

[1] The court also notes that both Mahone and Miller are currently represented by counsel in other, pending cases before this court. (i.e. *Sanders v Mahone*, Case No. 10-1266; *Dupree v. Kennedy*, Case No. 10-1032; *Harris v Fluckie*, Case No. 08-3119)

**1915A, the court finds that the Plaintiff states the following federal claims: Defendants Sylvia Mahone, Dr. Dennis Larson, Dr. Taller, Scott Baker, Wexford Health Services, Officer Simpson, Warden Guy Pierce, Assistant Jackie Miller, Director Michael Randle and Medical Director Louis Schicker violated the Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The claim is against the Defendants in their individual and official capacities.**

**3) All other claims based on federal law, other than those set forth in paragraph two above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. This case shall proceed solely on the federal claim identified in paragraph two above. Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The clerk of the court is to add Defendant Illinois Department of Corrections Medical Director Louis Schicker to this lawsuit and send a Notice of Lawsuit and Waiver of Service form to this individual. In addition, the clerk is to add the full name of the existing Defendants to the record including: Sylvia Mahone; Dennis Larson; Steven Taller; Scott Baker; Wexford Health Sources, Inc.; Sharon Simpson; Guy Pierce; Jackie Miller and Michael Randle.**

**5) Defense counsel must be prepared to provide the court with the status and current address of Defendants Miller and Mahone at the February 24, 2011 hearing at 9:00 a.m. The remaining Defendants who have not yet provided answers to the complaint must do so as directed by this court order.**

Entered this 10th Day of January, 2011.


                         s/Joe Billy McDade
                 _____
                          JOE BILLY MCDADE
                   UNITED STATES DISTRICT JUDGE