E-FILED
Thursday, 20 January, 2011  02:30:55 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JAMES MYLES (A-15155),       )
                             )
    Plaintiff,               )
                             )
    v.                       )        No. 10-1250
                             )
SYLVIA MAHONE, et al.,       )
                             )
    Defendants.              )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

NOW COME the Defendants, SHARON SIMPSON, GUY PIERCE, MICHAEL RANDLE, and JACKIE MILLER, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their Answer and Affirmative Defenses, state as follows:

## NATURE OF THE ACTION

1.      Defendants admit Plaintiff purports to bring this claim pursuant to 42 U.S.C. §1983 but deny that Plaintiff has any meritorious claims in law or fact.

2.      Defendants admit Plaintiff is currently incarcerated at Pontiac Correctional Center.

3.      Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

4.      Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

5.      Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

6.      Defendants lack sufficient knowledge to either admit or deny the allegations

contained in this paragraph.

7.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

8.     Admitted.

9.     Admitted.

10.    Defendants deny Defendant Miller's official title was or is "grievance officer" but otherwise admit the allegations contained in this paragraph.

11.    Defendants admit Defendant Randle was formerly the Director of the Illinois Department of Corrections but lack sufficient knowledge to either admit or deny the remaining allegations contained in this paragraph.

12.    Defendants admit Louis Schicker is currently Medical Director of the Illinois Department of Corrections but lack sufficient knowledge to either admit or deny the remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

13.    Defendants admit this Court generally has jurisdiction over this matter except as to claim that are barred by the Eleventh Amendment to the United States Constitution.

14.    Admitted.

## STATEMENT OF THE FACTS

15.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

16.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

17.    Defendants lack sufficient knowledge to either admit or deny the allegations

2

contained in this paragraph.

18.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

19.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

20.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

21.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

22.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

23.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

24.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

25.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

26.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

27.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

28.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

29.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

30.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

31.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

32.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

33.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

34.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

35.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

36.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

37.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

38.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

39.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

40.     Defendants lack sufficient knowledge to either admit or deny the allegations

contained in this paragraph.

41.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

42.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

43.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

44.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

45.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

46.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

47.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

48.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

49.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

50.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

51.     Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

52.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

53.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

54.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

55.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

56.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

57.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

58.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

59.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

60.    To the extent the allegations of this paragraph are directed at Defendants herein, it is denied.

61.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

62.    Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

63.    Defendants lack sufficient knowledge to either admit or deny the allegations

contained in this paragraph.

64.   Defendants deny they were deliberately indifferent to Plaintiff's serious medical needs.

65.   Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

## DEFENDANT'S ARBITRARY AND CAPRICIOUS DENIAL OF PLAINTIFF'S GRIEVANCES

66.   Defendants admit Plaintiff submitted an emergency grievance dated September 7, 2009, regarding medical treatment for hepatitis C but lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

67.   Defendants deny Plaintiff was not given a response to his September 7, 2009, grievance but lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

68.   Defendants admit that Defendant Simpson recommended denial of Plaintiff's September 7, 2009, grievance after reviewing the Medical Director's written response to the grievance.

69.   Defendants admit that Plaintiff requested in the September 7, 2009, grievance that the grievance not be addressed by the medical staff at Pontiac Correctional Center but deny that Plaintiff has any such right regarding review of his grievance.

70.   Defendants deny their actions in response to Plaintiff's grievance constituted deliberate indifference to a serious medical need.

71.   Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

7

**CLAIM ONE:**

**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS—WITHHOLDING OF EFFECTIVE MEDICAL TREATMENT**

72.   Defendants incorporate by reference as if fully set forth herein their answers to the foregoing paragraphs.

74.   To the extent this paragraph is directed against Defendants herein, it is denied.

75.   To the extent this paragraph is directed against Defendants herein, it is denied.

76.   To the extent this paragraph is directed against Defendants herein, it is denied.

77.   To the extent this paragraph is directed against Defendants herein, it is denied.

**CLAIM TWO:**

**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS—DISREGARDING PLAINTIFF'S GRIEVANCES**

78.   Defendants incorporate by reference as if fully set forth herein their answers to the foregoing paragraphs.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

**PRAYER FOR RELIEF**

Defendants deny Plaintiff is entitled to any relief whatsoever in this cause of action.

**RELIEF REQUESTED**

Defendants deny Plaintiff is entitled to any relief whatsoever in this cause of action.

**AFFIRMATIVE DEFENSES**

1.     At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2.     To the extent that Plaintiffs' claims are against Defendants in their official capacities, said claims are barred by the Eleventh Amendment.

3.     To the extent that the alleged actions of Defendants occurred more than two years prior to the initiation of this cause of action, Plaintiff's claims are barred by the statute of limitations.

Respectfully Submitted,

SHARON  SIMPSON,  GUY  PIERCE,  MICHAEL RANDLE, and JACKIE MILLER,
     Defendants,

Lisa Madigan, Attorney General
of the State of Illinois,

By:   s/Joseph N. Rupcich
     Joseph N. Rupcich, #6283899
     Office of the Attorney General
     500 South Second Street
     Springfield, IL  62706
     Telephone:  (217) 557-0261
     Facsimile:  (217) 524-5091
     jrupcich@atg.state.il.us

9

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JAMES MYLES (A-15155),      )
                            )
        Plaintiff,          )
                            )
        v.                  )        No. 10-1250
                            )
SYLVIA MAHONE, et al.,      )
                            )
        Defendants.         )

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2011, I electronically filed Defendants' Answer to Amended Complaint and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on January 20, 2011, I mailed by United States Postal Service, the document to the following non-registered participant:

James Myles, A-15155
Pontiac Correctional Center
PO Box 99
Pontiac, IL 61764

Respectfully submitted,

By:   s/Joseph N. Rupcich
        Joseph N. Rupcich, #6283899
        Attorney for Defendants
        Office of the Attorney General
        500 South Second Street
        Springfield, IL  62706
        Telephone:  (217) 557-0261
        Facsimile:  (217) 524-5091
        jrupcich@atg.state.il.us