IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JAMES MYLES,

    Plaintiff,

v.

SYLVIA MAHONE, DENNIS LARSON, STEVEN TALLER, SCOTT BAKER, WEXFORD HEALTH SOURCES, INC., SHARON SIMPSON, GUY D. PEIRCE, JACKIE MILLER, MICHAEL P. RANDLE, and LOUIS SCHIKER,

    Defendants.

Law No. 10-CV-1250-JBM-JAG

## ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES

NOW COMES the Defendants, DENNIS LARSON, M.D. and WEXFORD HEALTH SOURCES, INC., by MICHAEL T. KOKAL, of HEYL, ROYSTER, VOELKER & ALLEN, their attorneys, and for their Answer, Jury Demand and Affirmative Defenses, state as follows:

### THE PARTIES

Defendants admit that Plaintiff is currently incarcerated at Pontiac Correctional Center.

Defendants deny that any of the named Defendants are currently employed at the Pontiac Correctional Center.

### LITIGATION HISTORY

Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

ANSWER TO STATEMENT OF CLAIM

1. Defendants deny that Plaintiff is entitled to recover under §1983.

2. Defendants admit venue is appropriate within the Central District of Illinois.

3. Defendants admit the allegations of paragraph 3.

4. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

5. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

6. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

15. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

21. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

22. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

23. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

24. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

25. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

26. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

27. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

28. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

29. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

30. Defendants deny or lack information sufficient to form a belief about the truth of Plaintiff's litigation history subject to further discovery.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants incorporate their prior responses for paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny that Plaintiff is entitled to any the relief requested.

39. Defendants deny that Plaintiff is entitled to any the relief requested.

40. Defendants deny that Plaintiff is entitled to any the relief requested.

41. Defendants deny that Plaintiff is entitled to any the relief requested.

<u>DEFENDANTS DEMAND TRIAL BY JURY OF TWELVE</u>

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, Dennis Larson, M.D. and Wexford Health Sources, Inc., by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN and for their affirmative defenses, state as follows:

1. Dennis Larson, M.D. and Wexford Health Sources, Inc. are protected by the doctrine of qualified immunity because at all relevant times herein, their actions were taken in good faith based upon their medical judgment, were objectively reasonable, were not prohibited by clearly established law, and were within the realm of reasonable responses to the circumstances with which they were combined.

2. The Plaintiff's claims against Dennis Larson, M.D. and Wexford Health Sources, Inc., fail to the extent that they were not personally involved in the alleged constitutional violation.

3. To the extent the Plaintiff has failed to exhaust his administrative remedies, which are available to him through the prison grievance procedure, his claims are barred by 42 U.S.C. § 1997e(a).

4. To the extent that Plaintiff seeks mental or emotional damages, these claims are barred by 42 U.S.C. § 1997e(e), absent the prerequisite showing the physical injury.

5. At all relevant times herein, Dennis Larson, M.D.'s and Wexford Health Sources, Inc.'s duties were limited to those that were delegated to them and that they voluntarily undertook pursuant to their contracts in this case.

6. Plaintiff's claims of medical or other healing art malpractice, if any, failed to state a claim upon which relief can be granted in that Plaintiff has failed to comply with § 2-622 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-622.

7. Plaintiff failed to file his claims within applicable statute of limitations.

WHEREFORE, Defendants, DENNIS LARSON, M.D. and WEXFORD HEALTH SOURCES, INC., pray that the Court will enter judgment in their favor and against the Plaintiff, plus costs of suit and attorneys fees and expenses to the extent allowed under law.

> s/ Michael T. Kokal
> Attorney for Defendants, Larson, Wexford
> IL ARDC #:  6211329
> Heyl, Royster, Voelker & Allen
> Suite 575, PNC Bank Building
> One North Old State Capitol Plaza
> P. O. Box 1687
> Springfield, IL  62705-1687
> 217.522.8822 Phone – Ext. 211
> 217.523.3902 Fax
> mkokal@heylroyster.com

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2011, I electronically filed the foregoing Answer, Jury Demand and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

jrupcich@atg.state.il.us

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

James Myles, A15155
Pontiac Correctional Center
Inmate Mail/Parcels
P.O. Box 99
Pontiac, IL  61764

<u>s/ Michael T. Kokal</u>
Attorney for Defendants, Larson, Wexford
IL ARDC #:  6211329
Heyl, Royster, Voelker & Allen
Suite 575, PNC Bank Building
One North Old State Capitol Plaza
P. O. Box 1687
Springfield, IL  62705-1687
217.522.8822 Phone – Ext. 211
217.523.3902 Fax
mkokal@heylroyster.com

MTK/sat
S7660/16360805_1.DOCX