UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES MYLES,
    Plaintiff,

vs.                                                       10-1250

SYLVIA MAHONE, et. al.
    Defendants.

CASE MANAGEMENT ORDER

       This cause is before the court for case management and consideration of the Plaintiff's motion for preliminary injunctive relief [d/e 64] and renewed motion for appointment of counsel. [d/e 62].

### I. BACKGROUND

       The pro se Plaintiff filed his original complaint pursuant to 42 U.S.C.§1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. On January 10, 2011, the court conducted a merit review of the Plaintiff's amended complaint and found that he had adequately alleged that Defendants Sylvia Mahone, Dr. Dennis Larson, Dr. Taller, Scott Baker, Wexford Health Services, Officer Simpson, Warden Guy Pierce, Assistant Jackie Miller, Director Michael Randle and Medical Director Louis Schicker violated the Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The claim is against the Defendants in their individual and official capacities. Specifically, the Plaintiff claimed the Defendants knew he suffered from Hepatitis C, but did not provide him with treatment or even tell him about the diagnosis. The Plaintiff says he condition worsened due to the lack of care.

### II. TEMPORARY RESTRAINING ORDER/ PRELIMINARY INJUNCTION

       The Plaintiff has filed a motion for a temporary restraining order or preliminary injunction claiming he has still been denied care for his Hepatitis C. [d/e 64] On May 13, 2011, the court ordered the Defendants to provide a response with affidavits from appropriate medical personnel outlining the Plaintiff's condition and any medical care that has been provided. The Defendants have now responded.

       The standards for a temporary restraining order and preliminary injunction are identical. *Graham v. Medical Mutual of Ohio,* 130 F.3d. 293, 295 (7th Cir. 1997) The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). "It frequently is

1

observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v Armstrong,* 520 U.S. 968, 972 (1997) *quoting* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2948(2d ed. 1995)  To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry,* 328 F.3d 300, 303 (7th Cir. 2003) (*citations omitted).* If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc,* 400 F.3d 1007, 1011 (7th Cir. 2005); *see also Lambert v Buss,* 408 F.3d 446, 451 (7th Cir. 2007); *Turley v Rednour*, 2011 WL 1897922 at 1 (S.D. Ill. May 18, 2011).

One additional principle guides the Court's analysis in a the specific context of a prisoner's motion for preliminary injunction. A section of the PLRA entitled "Requirements for Relief," provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief.... 18 U.S.C.§3626(a)(2).

The majority of the Plaintiff's motion for preliminary injunction addresses his claim that the Defendants failed to tell him that he suffered from Hepatitis C.  This is relevant to the Plaintiff's lawsuit, but not his motion for injunctive relief.  However, the Plaintiff says he has pain in "the region of his liver and constant nose bleeds." (Plain. Mot, p. 2)   The Plaintiff says he is not receiving treatment and is in serious danger if his liver stops functioning properly.

The medical Defendants have responded with an affidavit from Dr. Sylvia Mahone, a Defendant in this case.  The affidavit contains limited information.  The Doctor does state that the Plaintiff had a liver biopsy on January 3, 2011 and the results indicated that while the Plaintiff does have Hepatitis C, there is "minimal macrovesicular steatosis activity (Grade 1) and Portal Fibrosis (Stage 1)." (Def. Resp., Mahone Aff., p. 1).  Unfortunately, the Doctor does not explain the meaning of this diagnosis.   Dr. Mahone states that based on the biopsy findings, Hepatitis C treatment would not be appropriate at this time. *Id.*  The Doctor also states the Plaintiff has received various other tests from 2007 to the present including liver enzyme tests, HCV genotyping and HCV FibroSure test. *Id.* at p. 2.

While the Defendants did not provide any general background information concerning Hepatitis C, previous cases have indicated that "Chronic Hepatitis C varies widely in its severity and prognosis.  Some patients may have the disease for many years before developing problems or may never have symptoms of liver damage." *Crouthers v. Zunker*, 2008 WL 5146682 at 2 (W.D. Wis. Dec. 5, 2008).  Therefore, continued testing and monitoring are very important and

2

the testing alone may constitute treatment for the purposes of the Eighth Amendment. *See Bender v. Regier,* 385 F.3d 1133, 1137 (8th Cir. 2004)*(finding that it was uncontroverted that a prison physician treated the prisoner's Hepatitis C condition for many months, based on fact that the physician monitored, and ordered testing of, that condition);Ruiz v. Martin*, 2003 WL 21698889 at 4 (6th Cir. July 17, 2003) (affirming district court finding that prison doctor treated prisoner for his Hepatitis C, finding the prisoner a poor candidate for a specific treatment that he had requested.);*Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976)(recognizing that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.")

The Plaintiff does not point to any specific tests he has not received and the most recent tests do not indicate that a specific treatment is appropriate. The Defendants claim that in the Plaintiff's deposition, the Plaintiff stated he wants Hepatitis C antiviral treatment. (Def. Memo, d/e 77, p.2) . The Defendants argue that this treatment does not automatically follow a positive diagnosis for Hepatitis C. Instead, doctors must consider liver enzyme levels, genotype of the disease, the degrees of fibroris/necrosis as reflected by the liver biopsy and contraindications. *Roe v Elyea,* 631 F.3d 843, 848-48 (7th Cir. 2011). The Plaintiff has received the appropriate testing, and the medical staff does not find that the Plaintiff is an appropriate candidate for antiviral treatment. The mere fact that the Plaintiff disagrees with this diagnosis is not the basis for an order of protection, or an Eighth Amendment violation. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997(inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm). The Plaintiff has not met his burden and the motion for preliminary injunctive relief is denied. [d/e 64].

### III. MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff has also filed a renewed motion for appointment of counsel.[d/e 62] The Plaintiff says his case is complex and he needs the assistance of counsel. As the court has previously explained, Plaintiff has no constitutional or statutory right to appointment of counsel in this case. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993) The Plaintiff has provided evidence of his efforts to obtain counsel on his own.

At this stage of the litigation, the Plaintiff appears competent to represent himself. Although the Plaintiff says he has no formal legal training, he did attend college for a period of time. In addition, the Plaintiff should be able to obtain copies of his medical records to demonstrate when he was diagnosed with Hepatitis C and what testing he has or has not received.

The Plaintiff may also utilize any of the discovery methods prescribed in the Federal Rules of Civil Procedure, subject to the same terms and conditions as any other civil litigant. The

Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33. The Plaintiff may also submit requests for production of documents to defense counsel. *See* Fed.R.Civ.P. 34. If the Defendants do not properly respond to the Plaintiff's requests for relevant information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37. The motion for appointment of counsel is denied. [d/e 62]

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion for preliminary injunctive relief is denied. [d/e 64].**

**2) The Plaintiff's renewed motion for appointment of counsel is denied.[d/e 62]**

**3) The Plaintiff's motion for "a more definite statement" is denied as the court has now considered the Plaintiff's motion for a preliminary injunction. [d/e 89]**

Dated on this 8th day of July, 2011

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE